UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

TRACY M. D.,[1]             Case No. 1:22-cv-294
    Plaintiff,                 McFarland, J.
                                Litkovitz, M.J.

    vs.

COMMISSIONER OF            REPORT AND
SOCIAL SECURITY,           RECOMMENDATION
    Defendant.

Plaintiff Tracy M. D. brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his application for disability insurance benefits (DIB) and supplemental security income (SSI). This matter is before the Court on plaintiff's Statement of Specific Errors (Doc. 12) and the Commissioner's response (Doc. 14).

**I. Procedural Background**

Plaintiff protectively filed applications for DIB and SSI in March 2020, alleging disability since January 13, 2019, due a rotator cuff tear, severe pain, internal fixation in right foot, ACL reconstruction on right knee, and frequent and severe migraines. (Tr. 299). The applications were denied initially and on reconsideration. Plaintiff, through counsel, requested and was granted a *de novo* hearing before administrative law judge (ALJ) Christopher S. Tindale on March 31, 2021. (Tr. 51-73). Plaintiff and a vocational expert (VE) appeared and testified at the hearing, at which plaintiff amended her onset date to October 31, 2019. (Tr. 55). On May 5,

---

[1] Pursuant to General Order 22-01, due to significant privacy concerns in social security cases, any opinion, order, judgment or other disposition in social security cases in the Southern District of Ohio shall refer to plaintiffs only by their first names and last initials.

2021, the ALJ issued an unfavorable decision. (Tr. 25-44). The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-6).

## II. Analysis

### A. Legal Framework for Disability Determinations

To qualify for disability benefits, a claimant must suffer from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The impairment must render the claimant unable to engage in the work previously performed or in any other substantial gainful employment that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3)(B).

Regulations promulgated by the Commissioner establish a five-step sequential evaluation process for disability determinations:

> 1) If the claimant is doing substantial gainful activity, the claimant is not disabled.
>
> 2) If the claimant does not have a severe medically determinable physical or mental impairment – *i.e.*, an impairment that significantly limits his or her physical or mental ability to do basic work activities – the claimant is not disabled.
>
> 3) If the claimant has a severe impairment(s) that meets or equals one of the listings in Appendix 1 to Subpart P of the regulations and meets the duration requirement, the claimant is disabled.
>
> 4) If the claimant's impairment does not prevent him or her from doing his or her past relevant work, the claimant is not disabled.

> 5) If the claimant can make an adjustment to other work, the claimant is not disabled. If the claimant cannot make an adjustment to other work, the claimant is disabled.

*Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 652 (6th Cir. 2009) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 404.1520(b)-(g)). The claimant has the burden of proof at the first four steps of the sequential evaluation process. *Id.*; *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004). Once the claimant establishes a prima facie case by showing an inability to perform the relevant previous employment, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful employment and that such employment exists in the national economy. *Rabbers*, 582 F.3d at 652; *Harmon v. Apfel*, 168 F.3d 289, 291 (6th Cir. 1999).

### B. The Administrative Law Judge's Findings

The ALJ first acknowledged that plaintiff had submitted prior DIB and SSI claims, which resulted in an unfavorable January 3, 2014 decision by another ALJ. (Tr. 29, referring to Tr. 113-26). The ALJ noted that he was not bound by the prior ALJ's residual functional capacity (RFC) determination because plaintiff "produced new and material evidence documenting a significant change in [plaintiff]'s condition." (Tr. 29 (citing Acquiescence Ruling 98-4(6); *Drummond v. Comm'r*, 126 F.3d 837 (6th Cir. 1997))).[2] The ALJ then applied the sequential evaluation process and made the following findings of fact and conclusions of law:

> 1. [Plaintiff] meets the insured status requirements of the Social Security Act through December 31, 2025.

---

[2] The only change in plaintiff's RFC between the 2014 ALJ decision and the ALJ decision at issue is the removal of the emphasized language: "[Plaintiff] can occasionally reach overhead *with the left upper extremity*." (*Compare* Tr. 121 *with* Tr. 37). Plaintiff, however, does not challenge this aspect of the ALJ's decision. *See Kuhn v. Washtenaw Cnty.*, 709 F.3d 612, 624 (6th Cir. 2013) ("This court has consistently held that arguments not raised in a party's opening brief, as well as arguments adverted to in only a perfunctory manner, are waived.") (citation omitted).

2. [Plaintiff] has not engaged in substantial gainful activity since October 31, 2019, the amended alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. [Plaintiff] has the following severe impairments: disorders of the back including lumbar degenerative disc disease (DDD), osteoarthritis (OA), migraine, borderline intellectual functioning (BIF), [and] mood disorder (20 CFR 404.1520(c) and 416.920(c)).

4. [Plaintiff] does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that [plaintiff] has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) with the following limitations: she must avoid concentrated exposure to extreme cold. She is limited to simple, routine, repetitive tasks with no strict production demands. She should have no more than occasional interaction with supervisors, coworkers, and the general public. She can never climb ladders, ropes, or scaffolds. She can occasionally stoop, crouch, crawl, kneel, and climb ramps and stairs. She can occasionally push/pull with the left lower extremity. She can occasionally reach overhead. She must avoid concentrated exposure to heavy vibration and dangerous hazards, including moving machinery, commercial driving, and work at unprotected heights.

6. [Plaintiff] is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).[3]

7. [Plaintiff] . . . was 50 years old, which is defined as an individual closely approaching advanced age, on the alleged disability onset date (20 CFR 404.1563 and 416.963).

8. [Plaintiff] has a limited education (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding

---

[3] Plaintiff's past relevant work was as a gas station assistant manager (SVP 6, light exertion), cashier (SVP 2, light exertion), bus driver (SVP 4, medium exertion), food assembler (SVP 3, light exertion), assembler (SVP 2, light exertion), part-time cleaner (SVP 2, light exertion), sales clerk (SVP 3, heavy exertion), laborer stores (SVP 2, very heavy exertion), and home attendant (SVP 3, medium exertion). (Tr. 42-43, 67-68).

> that [plaintiff] is "not disabled," whether or not [plaintiff] has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
>
> 10. Considering [plaintiff]'s age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that [plaintiff] can perform (20 CFR 404.1569 and 404.1569a).[4]
>
> 11. [Plaintiff] has not been under a disability, as defined in the Social Security Act, from October 31, 2019, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

(Tr. 31-44).

### C. Judicial Standard of Review

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g) and involves a twofold inquiry: (1) whether the findings of the ALJ are supported by substantial evidence, and (2) whether the ALJ applied the correct legal standards. *See Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009); *see also Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 745-46 (6th Cir. 2007).

The Commissioner's findings must stand if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, __ U.S. __, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). Substantial evidence consists of "more than a scintilla of evidence but less than a preponderance. . . ." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978).

---

[4] The ALJ relied on the VE's testimony to find that plaintiff would be able to perform the requirements of representative light-exertion occupations such as office helper (14,000 jobs in the national economy), mail clerk (13,000 jobs in the national economy), and photocopy operator (9,800 jobs in the national economy).

5

The Court must also determine whether the ALJ applied the correct legal standards in the disability determination. Even if substantial evidence supports the ALJ's conclusion that the plaintiff is not disabled, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a [plaintiff] on the merits or deprives the [plaintiff] of a substantial right." *Rabbers,* 582 F.3d at 651 (quoting *Bowen,* 478 F.3d at 746).

### D. Specific Error[5]

Plaintiff raises a single, narrow assignment of error regarding the ALJ's formulation of her RFC: the ALJ failed to explain why he did not adopt the portion of the state agency doctors' opinions limiting her to no multi-step tasks. Plaintiff argues that because the state agency doctors opined that plaintiff had a more severe limitation in this area than what was determined by the prior ALJ, plaintiff's condition must have worsened.

In response, the Commissioner argues that the multi-step limitation referenced by plaintiff was not a part of the state agency doctors' *opinions* but rather part of their *summary* of a 2012 medical record produced in connection with plaintiff's prior DIB/SSI claims. The Commissioner further argues that the state agency doctors indicated that this 2012 medical record fell outside of the relevant time period for the pending claims (onset date of October 31, 2019) and was therefore not supported by or consistent with rest of the evidence of record. Finally, the Commissioner argues that the prior ALJ's assessment of that 2012 medical record is final and may not be challenged in this proceeding.

---

[5] A summary of medical records is not necessary to the disposition of this appeal.

For claims filed on or after March 27, 2017, new regulations apply for evaluating medical opinions. *See* 20 C.F.R. § 1520c[6] (2017); *see also* 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017) (technical errors corrected by 82 Fed. Reg. 15132-01, 2017 WL 1105368 (Mar. 27, 2017)). These new regulations eliminate the "treating physician rule" and deference to treating source opinions, including the "good reasons" requirement for the weight afforded to such opinions.[7] *Id*. The Commissioner will "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s),[8] including those from your medical sources." 20 C.F.R. § 404.1520c(a). Rather, the Commissioner will consider "how persuasive" the medical opinion is. 20 C.F.R. § 404.1520c(b).

In determining the persuasiveness of a medical opinion, the ALJ considers five factors: (1) supportability, (2) consistency, (3) relationship with the claimant, including length of treatment relationship, frequency of examinations, purpose of the treatment relationship, and examining relationship, (4) specialization, and (5) other factors that tend to support or contradict a medical opinion. 20 C.F.R. § 404.1520c(c)(1)-(5). The most important factors the ALJ must

---

[6] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Miller v. Comm'r of Soc. Sec.*, No. 3:18-cv-281, 2019 WL 4253867, at *1 n.1 (S.D. Ohio Sept. 9, 2019) (quoting *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007)). The Court's references to DIB regulations should be read to incorporate the corresponding and identical SSI regulations for purposes of this Report and Recommendation.

[7] For claims filed prior to March 27, 2017, a treating source's medical opinion on the issue of the nature and severity of an impairment is given controlling weight if it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2). *See also Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). "The Commissioner is required to provide 'good reasons' for discounting the weight given to a treating-source opinion." *Id*. (citing 20 C.F.R. § 404.1527(c)(2)).

[8] A "prior administrative medical finding" is defined as "[a] finding, other than the ultimate determination about whether the individual is disabled, about a medical issue made by an MC [medical consultant] or PC [psychological consultant] at a prior administrative level in the current claim." 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5850. For clarity, the Court will refer to the limitations opined by the state agency reviewing physicians and psychologists as "assessments" or "opinions."

consider are supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  With respect to the supportability factor, "[t]he more relevant the objective medical evidence[9] and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be."  20 C.F.R. § 404.1520c(c)(1).  Similarly, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s). . . ."  20 C.F.R. § 404.1520c(c)(2).  The ALJ is required to "*explain* how [he/she] considered the supportability and consistency factors for a medical source's medical opinions" in the written decision.  20 C.F.R. § 404.1520c(b)(2) (emphasis added).  Conversely, the ALJ "may, but [is] not required to, explain" how he/she considered the relationship, specialization, and other factors set forth in paragraphs (c)(3) through (c)(5) of the regulation.  *Id.*  However, where two or more medical opinions or prior administrative findings about the same issue are equally persuasive, the ALJ must articulate how he or she "considered the other most persuasive factors in paragraphs (c)(3) through (c)(5). . . ."  20 C.F.R. § 404.1520c(b)(3).  Finally, the ALJ is not required to articulate how he or she considered evidence from nonmedical sources.  20 C.F.R. § 404.1520c(d).

      Plaintiff's statement of error should be denied.  Plaintiff's position turns on a February 2012 consultative examination performed by Jennifer J. Stoeckel, Ph.D., in connection with plaintiff's prior DIB/SSI claims.  (*See* Tr. 383-91).  In that report, Dr. Stoeckel opined that plaintiff "appears to be capable of . . . following simple one and two step instructions, but would likely have difficulty with multi-tasking." (Tr. 390).  The ALJ who considered plaintiff's prior

---

[9] Objective medical evidence is defined as "signs, laboratory findings, or both."  82 Fed. Reg. 5844-01, 2017 WL 168819, at *5850.

claims determined: "[Plaintiff] is limited to simple, routine, repetitive tasks with no strict production demands" (Tr. 121), just as the ALJ did here (*see* Tr. 36). The prior ALJ's decision is final and not before the Court in this appeal. Moreover, a challenge to the prior ALJ's residual functional capacity determination and evaluation of medical opinion evidence related to plaintiff's prior claims would be barred by the doctrine of collateral estoppel. *See Brewster v. Barnhart*, 145 F. App'x 542, 546 (6th Cir. 2005) ("This Court will apply collateral estoppel to preclude reconsideration by a subsequent ALJ of factual findings that have already been decided by a prior ALJ when there are no changed circumstances requiring review.").

As a part of their review of plaintiff's pending DIB/SSI claims, the state agency doctors summarized Dr. Stoeckel's report *in their own words* as including a limitation to "no multi-step [tasks]." (*See* Tr. 82, 85, 91, and 94 (under headings "Analysis of Evidence" and "Evaluate and Reconcile Medical Opinions" on initial consideration) and Tr. 101 and 109 (under headings "Evaluate and Reconcile Medical Opinions" on reconsideration)).[10] The state agency doctors determined, however, that Dr. Stoeckel's 2012 report did "[n]ot [cover the] relevant time period" for plaintiff's pending claims. (Tr. 85, 94, 101, and 109). The state agency doctors' own opinions with respect to plaintiff's pending claims did not include such a limitation. (*See* Tr. 86 and 95 (Gary Hinzman, M.D., and Cindy Matyi, Ph.D.'s opinions that "[plaintiff] is limited to simple, routine, repetitive tasks with no strict production demands"); Tr. 102, 103, 110, and 111 (Steve McKee, M.D., and Ermias Seleshi, M.D.'s identical opinions)). The ALJ for plaintiff's pending claims found the state agency mental assessments persuasive—noting their consistency

---

[10] Although the Court ultimately concludes that this language is not part of the state agency doctors' opinions, the Court questions whether Dr. Stoeckel's "difficulty multi-tasking" comment is necessarily accurately summarized as a prohibition against multi-step tasks. (Tr. 390).

9

with the prior ALJ's finding—and determined that "[plaintiff] is limited to simple, routine, repetitive tasks with no strict production demands" (Tr. 36). (Tr. 41). (*See also* Tr. 41-42 (noting "some new and material evidence support[ing] slightly different [physical] limitations" but making no such observation related to mental limitations)).

    Based on the foregoing, the ALJ did not omit any component of a state agency doctor's persuasive opinion in his determination of plaintiff's RFC. Moreover, the ALJ explained that the state agency mental assessments were consistent with "the consultative psychological evaluation findings" done in connection with the pending claims and with "plaintiff's own reports of functioning. . . ." (Tr. 41). *See* 20 C.F.R. § 404.1520c(c)(2). The ALJ also referred to particular, supporting medical records noting plaintiff's "normal/appropriate mood/affect. . . ." (Tr. 42). *See* 20 C.F.R. § 404.1520c(c)(1). As such, the ALJ did more than "merely state[] that the State Agency psychologists' opinions were . . . consistent with and supported by the medical evidence of record." (Doc. 12 at PAGEID 881). The Court is able to "trace the path of [the ALJ's] reasoning." *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (quoting *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995)).

**IT IS THEREFORE RECOMMENDED THAT**:

1. Plaintiff's Statement of Specific Errors (Doc. 12) be **OVERRULED**.

Date: 2/8/2023

Karen L. Litkovitz
United States Magistrate Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

TRACY M. D.,  
    Plaintiff,

Case No. 1:22-cv-294  
McFarland, J.  
Litkovitz, M.J.

vs.

COMMISSIONER OF  
SOCIAL SECURITY,  
    Defendant.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas* v. *Arn*, 474 U.S. 140 (1985); *United States* v. *Walters*, 638 F.2d 947 (6th Cir. 1981).